Craig K. Perry
Nevada Bar No. 3786
**CRAIG K. PERRY & ASSOCIATES**
6210 N. Jones Blvd. #753907
Las Vegas, Nevada 89136-8985
Telephone: (702) 228-4777
Facsimile: (702) 943-7520
cperry@craigperry.com

Max S. Morgan, Esquire*
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
**pro hac vice application forthcoming*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| TYESHA HERNANDEZ, *on behalf of herself and all others similarly situated,*<br><br>*Plaintiff,*<br>v.<br><br>BUMP HEALTH, INC. d/b/a BUMP BOXES,<br><br>*Defendant.* | Civil Case No.: ________________<br><br>**COMPLAINT – CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the marketing practices of Defendant, Bump Health, Inc. d/b/a Bump Boxes ("Defendant") that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Defendant sends telemarketing text messages advertising Defendant's products and/or services to consumers.

3. Defendant continues to send text messages even after it receives requests from the called

party requesting that Defendant stop sending its text messages.

4. Defendant sends its texts messages in the early morning hours.

5. The TCPA prohibits the sending of telemarketing text messages to individuals that have requested no further messages.

6. The TCPA prohibits the sending of telemarketing text messages before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location).

7. Accordingly, Ms. Hernandez brings this action on behalf of herself and classes of similarly situated individuals.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

9. This Court has jurisdiction over Defendant because Defendant conducts business transactions in this District and has committed tortious acts in this District and targeted a resident of this District with its unlawful telemarketing practices.

10. Venue is proper in this District because some of the wrongful conduct giving rise to this case occurred in and/or was directed to this District.

## PARTIES

11. Plaintiff Tyesha Hernandez ("Ms. Hernandez" or "Plaintiff") is, and at all times mentioned herein was, a citizen and resident of Las Vegas, Nevada.

12. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

13. Defendant is, and at all times mentioned herein was, an Illinois corporation headquartered at 1506 West Detweiller Drive, Peoria, IL 61615.

14. Defendant may be served via its registered agent, Jonathan LA Phillips, Esq. located at 4541 North Prospect Road, Suite 300A, Peoria Heights, IL 61616.

15. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

**TCPA BACKGROUND**

16. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

17. The TCPA specifically required the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

18. The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific do not call systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

19. Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

20. The FCC found that "the company-specific do-not-call list alternative is the most effective and efficient means to permit telephone subscribers to avoid unwanted telephone solicitations." *Id.* at 8765, ¶ 23.

21. However, recognizing that an honor system would probably be insufficient, the FCC found that it "must mandate procedures for establishing company-specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id.* at ¶ 24.

22. These regulations are codified at 47 C.F.R. § 64.1200(d)(1)-(7).

23. Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. § 64.1200(d) (1, 2, 3, 6).

24. These policies and procedures prohibit a company from making calls for telemarketing purposes[1] unless they have implemented these policies and procedures. 47 C.F.R. § 64.1200(d).

25. Accordingly, all telemarketing calls violate the TCPA, unless Defendant can demonstrate that it has implemented the required policies and procedures.

26. There is a private right of action to enforce 47 C.F.R. § 64.1200(d) through § 227(c):

> [S]ection 227(c)(5)… empowers 'any person' to sue for damages and injunctive relief for do-not-call violations 'by or on behalf of' a company. In accordance with this statutory provision, the Commission's company-specific do-not-call rules provide that '[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity[.]' 47 C.F.R. § 64.1200(d).

[1] The distinction between the use of "telephone solicitation" in relation to the national do-not-call database and calls for "telemarketing purposes" in relation to the company-specific do-not-call list is significant. "Telephone solicitation" excludes calls made to a person with whom the company has as established business relationship, 47 CFR 64.1200(f)(14), which can be established by a "voluntary two-way communication". 47 CFR 64.1200(f)(5). But this business relationship can be terminated by a "do not call" request. 47 CFR 64.1200(f)(5)(i). "Telemarketing purposes", on the other hand, includes any calls made for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, regardless of any consent or established business relationship. 47 CFR 64.1200(f)(12). In other words, prior to making any telemarketing calls to anyone, regardless of relationship, a company must implement the company-specific do-not-call regulations.

*In re Dish Network*, 28 FCC. Rcd. 6574, ¶ 29 (2013)

27. Though some of these requirements mention "residential" telephones, they were all extended to cover calls to cellular telephones that are used for residential purposes. 47 C.F.R. § 64.1200(e).

28. Text messages, such as the ones sent by Defendant, are subject to the TCPA and its implementing regulations. *See* Fed. Commc'ns Comm., Enforcement Advisory No. 2016-06, DA 16-1299, *Robotext Consumer Protection: Text Message Senders Must Comply With the Telephone Consumer Protection Act* (Nov. 18, 2016).

29. Further, a person or entity can be liable for calls made on its behalf in violation of the TCPA, even if that person or entity did not directly dial such calls. *See, e.g., In re Rules & Regs. Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) (explaining that the FCC's "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any [TCPA] violations"). In fact, in May 2013, the FCC issued a binding declaratory ruling clarifying that sellers "may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers . . . under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification." *In re Joint Petition Filed by DISH Netowrk, LLC et al. for Declarator Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6584 ¶28 (2013).

30. Accordingly, an entity can be liable under the TCPA for a prohibited text sent on its behalf under a number of theories including vicarious liability. Under those circumstances, the seller is properly deemed to have initiated the call through the person or entity that actually placed the call.

**FACTUAL ALLEGATIONS**

31. Defendant, or someone acting on its behalf and at its direction, sends automated text messages marketing its products and services.

32. These text messages come from short code 63846.

33. These text messages include advertisements and links that when click direct the user's cellular telephone internet browser application to the website www.bumpboxes.com.

34. The links included in the text messages use the domain "klo5.oi.

35. The "klo5.io" domain is associated with a software platform used to send text messages called Klaviyo.

36. Because these text messages advertise Defendant's products, the constitute telemarketing messages and telephone solicitations.

37. Plaintiff is the user of a cellular telephone number ending in 7410.

38. Plaintiff's cellular telephone number ending in 7410 is used for residential purposes.

39. On November 11, 2024, Plaintiff began receiving telemarketing text messages from Defendant as shown on **Exhibit "A"**.

40. On November 26, 2024, Plaintiff responded to one of Defendant's messages with a "STOP" command.

1:30

63846

https://klo5.io/GveMby

So much to be thankful for!

Tue, Nov 26 at 12:01 PM

Bump Boxes: Early Bird Thanksgiving Sale!

50% off any plan + FREE Mama Bundle ($35 value)

https://klo5.io/HgeJbZ

$ave tons of $$ to use on holiday gifting!

STOP

Bump Boxes: You have successfully unsubscribed from further SMS updates. Text back "UNSTOP" to receive messages again.

Sunday 8:49 PM

Bump Boxes: New Mama Offer!
1st box $21.50, worth $100+
+FREE Gift, worth $30
+FREE Shipping, worth $10
=59% Savings
CLAIM SPECIAL OFFER: https://klo5.io/3MA2bG

Text Message • SMS

41. As shown above, Plaintiff received a message informing her that she was "successful unsubscribed from further SMS updates."

42. Despite this message, she continued to receive messages, including messages sent to her

at 5:00am and 5:01am, as shown below.




43. To the extent Defendant had any consent to send these text messages, Plaintiff revoked such consent.

44. Despite Plaintiff's requests, Defendant continued to text Plaintiff with messages soliciting her to purchase Defendant's products or services.

45. Defendant or those otherwise sending text messages on Defendant's behalf, did not have written do-not-call policies or procedures at the time of the texts to Plaintiff and the classes defined below. Alternatively, whatever written policies existed either failed to comply with the minimum requirements under the TCPA, 47 C.F.R. § 64.1200(d), or were never properly implemented—including as evidenced by the continued text messages to Plaintiff after she directly asked not to be contacted.

46. Defendant failed to honor do-not-call and "STOP" requests and continued sending telemarketing text messages in violation of the TCPA.

47. Defendant's violations were negligent.

48. Alternatively, Defendant's violations were willful and knowing.

49. Plaintiff and the classes were damaged by the violations alleged herein. Their privacy was improperly invaded, Defendant's text messages temporarily seized and trespassed upon the use of their phones, and they were forced to divert attention away from other activities to address the unwanted text messages. The text messages were annoying and a nuisance, and wasted the time of Mr. Logan and the class members. *See, e.g., Mims,* 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to prerecorded calls).

## DEFENDANT'S LIABILITY

50. Defendant sent two or more telemarketing texts to Plaintiff despite not having in place the required policies and procedures prior to sending such messages.

51. Defendant sent one or more telemarketing texts to Plaintiff after Plaintiff explicitly requested that the text messages stop.

52. Defendant failed to record and/or honor Plaintiff's do-not-call request.

53. Accordingly, for violations of 47 C.F.R. § 64.1200(d), Plaintiff is entitled to $500 per text message through 47 U.S.C. § 227(c).

54. Plaintiff is entitled to an additional $1,500 per call if Defendant's actions are found to be knowing or willful.

55. In addition, the TCPA prohibits initiating telephone solicitations "before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location)." 47 C.F.R. § 64.1200(c)(1).

56. Defendant repeatedly violated this rule by placing telephone solicitations to Plaintiff between the hours of 9:00 p.m. and 8:00 a.m. local time.

57. For violations of 47 C.F.R. § 64.1200(c), Plaintiff is entitled to $500 per text message.

58. Plaintiff is entitled to $1,500 per text message if Defendant's actions are found to be knowing or willful.

## CLASS ACTION ALLEGATIONS

59. Mr. Logan brings this action under Fed. R. Civ. P. 23 on behalf of the following "Classes," defined as follows:

### THE TCPA CLASSES

> IDNC Class: Plaintiff and all persons in the United States to whom more than one text message was sent for the purpose of encouraging the purchase of Defendant's goods or services in any 12-month period since the date four years prior to the filing of this action, to a residential telephone number, where Defendant's records reflect that the number previously sent an inbound "STOP" message or its equivalent, at the time of at least one such text message.

> Time Class: Plaintiff and all persons within the United States (1) to whose telephone number Defendant placed (or had placed on its behalf) two or more text messages, (2) from four years prior to the filing of the Compliant to the date of certification, (3) between the hours of 9:00pm and 8:00am local time, (4) for the purpose of encouraging the purchase of Defendant's products (5) in a 12-month period.

(The IDNC Class and Time Class are collectively referred to herein as the "Classes.")

60. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

61. The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

62. The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and/or third parties maintain written and electronically stored data showing:

a. The time period(s) during which Defendant sent its text messages;

b. The telephone numbers to which Defendant sent its text messages;

c. The telephone numbers for which Defendant had prior express written consent;

d. The purposes of such text messages; and

e. The names and addresses of Class members.

63. Upon information and belief, the Classes are comprised of hundreds, if not thousands, of individuals.

64. There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

a. Whether Defendant (or someone acting on its behalf) sends telemarketing text messages;

b. Whether Defendant (or someone acting on its behalf) obtains prior express written consent;

c. Whether Defendant had the required policies and procedures prior to sending telemarketing text messages;

d. Whether Defendant recorded and honored "STOP" requests or their equivalent;

e. Whether Defendant sends text messages outside of regulated hours;

f. Whether Defendant's statutory violations were willful and knowing; and

g. Whether Defendant should be enjoined from engaging in such conduct in the future.

65. Plaintiff is a member of the Classes in that Defendant sent two or more texts for telemarketing purposes, in a one-year period to her telephone number, without her prior express written consent, after she asked Defendant to stop.

66. Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

67. Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

68. Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

69. Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent her and the Classes.

70. Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

71. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

72. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

73. Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)**
**(On behalf of Plaintiff and the IDNC Class)**

74. Plaintiff and the proposed IDNC Class and subclass incorporate the allegations of paragraphs 1-73 as if fully set forth herein.

75. The TCPA requires any party that is engaged in telemarketing institute and maintain a written internal do-not-call policy. 47 C.F.R. § 64.1200(d).

76. Defendant violated the TCPA by not having sufficient internal do-not-call policies, by not following or honoring any policies that it did have, and/or by not sufficiently ensuring that those making calls on its behalf did the same—including by failing to actually honor do-not-call requests or their equivalent made by Plaintiff and other members of the IDNC Class.

77. Plaintiff and the class members received more than one call in violation of these rules within a twelve-month period, and a cause of action under 47 U.S.C. § 227(c)(5) has therefore accrued.

78. As a result of these violations, Plaintiff and the class were damaged by Defendant's violations, in that they received non-privileged and unsolicited telemarketing calls that invaded their privacy.

79. Plaintiff and putative class members are entitled to an award of $500 in statutory damages for each telephone solicitation text pursuant to 47 U.S.C. § 227(c)(5).

80. Plaintiff and putative class members are entitled to an award of treble damages in an amount up to $1,500 for each telephone solicitation text made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

**SECOND CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(1)**
**(On Behalf of Plaintiff and the Time Class)**

81. Plaintiff and the proposed Time Class incorporate the allegations of paragraphs 1-80 as if fully set forth herein.

82. Defendant sent, or had sent on its behalf, text messages constituting telephone solicitations to Plaintiff's and Time Class Members' telephone numbers.

83. Plaintiff and Time Class Members each received two or more such text messages in a 12-month period.

84. Plaintiff and Time Class Members each received a message after 9:00 p.m. but before 8:00 a.m.

85. Plaintiff and Time Class Members are entitled to an award of $500 in statutory damages for each text message pursuant to 47 U.S.C. § 227(c)(5).

86. Plaintiff and Time Class Members are entitled to an award of treble damages in an amount up to $1,500 for each text message made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff as the representatives of the Classes and appointing their counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the statutes referenced herein;

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and

unlawful acts described herein;

D. An award of statutory damages;

E. An award of treble damages; and

F. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: March 11, 2025

_/s/ Craig K. Perry___________

Craig K. Perry
Nevada Bar No. 3786
**CRAIG K. PERRY & ASSOCIATES**
6210 N. Jones Blvd. #753907
Las Vegas, Nevada 89136-8985
Telephone: (702) 228-4777
Facsimile: (702) 943-7520
cperry@craigperry.com

Max S. Morgan, Esquire*
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
**Application to appear pro hac vice forthcoming*

# EXHIBIT A




1:30
193
63846
Text Message • SMS
Mon, Nov 11 at 6:41 PM
Bump Boxes: Welcome to BUMP + MAMA ERA!
CELEBRATE with a monthly box of pregnancy goodies!
Get your 1st box ONLY $21.50 + FREE GIFT: https://klo5.io/yGEpbX
Mon, Nov 11 at 10:30 PM
S2 PLUS ELECTRIC BREAST PUMP
Bump Boxes: Your insurance owes you a free breast pump and we're here to make sure you get it!
Complete the application
Choose your pump
Text Message • SMS


1:30
193
63846
ELECTRIC BREAST PUMP
Bump Boxes: Your insurance owes you a free breast pump and we're here to make sure you get it!
Complete the application
Choose your pump
We'll do all the work to get it approved
Get your pump delivered for free!
Get a FREE Breast Pump: https://klo5.io/Ui8Abt
Thu, Nov 14 at 5:00 AM
Bump Boxes: Get your 1st box for ONLY $15.60
60% off with code: SPECIAL60
https://klo5.io/qTm8bk
BEST OFFER OF THE YEAR!
HURRY! Sale ends at Midnight!
Sat, Nov 16 at 5:01 AM
Bump Boxes: Your exclusive offer expires at midnight!
50% OFF + FREE GIFT + FREE SHIPPING: https://klo5.io/vy5gb2
Text Message • SMS


1:30
193
63846
Sat, Nov 16 at 5:01 AM
Bump Boxes: Your exclusive offer expires at midnight!
50% OFF + FREE GIFT + FREE SHIPPING: https://klo5.io/vy5gb2
EXPIRES SOON
Mon, Nov 18 at 11:01 AM
Bump Boxes: SELLING OUT FAST!
Only 74 FREE Baby Bundles ($35 value) left!
https://klo5.io/pqMkbZ
Get it in your 1st box for FREE before they're gone!
Wed, Nov 20 at 12:31 PM
Bump Boxes: FREE Tumbler is BACK! Get it before is sells out AGAIN!
https://klo5.io/YmYHbt
+ Start today for ONLY $21.50, that's less than $1/day
Fri, Nov 22 at 12:32 PM
Bump Boxes: WE CAN'T WAIT ANY LONGER! Early Access Black Friday is HERE!
Text Message • SMS
1:30
193
63846
https://klo5.io/YmYHbt
+ Start today for ONLY $21.50, that's less than $1/day
Fri, Nov 22 at 12:32 PM
Bump Boxes: WE CAN'T WAIT ANY LONGER! Early Access Black Friday is HERE!
Get a FREE Baby Bundle ($35 value) + save up to 70% off
https://klo5.io/WWg3be
Mon, Nov 25 at 12:02 PM
Bump Boxes: THANK$GIVING DAY SALE! -50% any plan!
1st box ONLY $19.50 + FREE Baby Bundle ($35 value)
https://klo5.io/GveMby
So much to be thankful for!
Tue, Nov 26 at 12:01 PM
Bump Boxes: Early Bird Thanksgiving Sale!
50% off any plan + FREE Mama Bundle
Text Message • SMS


1:30
193
63846
https://klo5.io/GveMby
So much to be thankful for!
Tue, Nov 26 at 12:01 PM
Bump Boxes: Early Bird Thanksgiving Sale!
50% off any plan + FREE Mama Bundle ($35 value)
https://klo5.io/HgeJbZ
$ave tons of $$ to use on holiday gifting!
STOP
Bump Boxes: You have successfully unsubscribed from further SMS updates. Text back "UNSTOP" to receive messages again.
Sunday 8:49 PM
Bump Boxes: New Mama Offer!
1st box $21.50, worth $100+
+FREE Gift, worth $30
+FREE Shipping, worth $10
=59% Savings
CLAIM SPECIAL OFFER: https://klo5.io/3MA2bG
Text Message • SMS


12:55
194
63846
Sunday 8:49 PM
Bump Boxes: New Mama Offer!
1st box $21.50, worth $100+
+FREE Gift, worth $30
+FREE Shipping, worth $10
=59% Savings
CLAIM SPECIAL OFFER: https://klo5.io/3MA2bG
Wednesday 5:00 AM
Bump Boxes: Get your 1st box for $15
Use code 15DOLLARS at checkout
https://klo5.io/MfwzbC
BEST OFFER OF THE YEAR!
HURRY! Sale ends at Midnight!
Today 5:01 AM
Bump Boxes: Your exclusive offer expires at midnight!
1st Box 50% OFF + FREE BONUS GIFT + FREE SHIPPING: https://klo5.io/dGpzbp
EXPIRES SOON
The sender is not in your contact list.
Report Junk
Text Message • SMS